UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SAVANE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00101-JRS-DLP |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Savane Williams' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCF 19-08-0106. For the reasons explained in this Order, Mr. Williams' petition is **granted**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

NCF 19-08-0106 began with the following investigative report, written August 14, 2019, by Investigator Sanford:

> Williams was to receive legal mail on 7/2/19. Sergeant Micheal Turley was reviewing the paperwork when offender Williams reached through the cuffport and took the paperwork from Sgt. Turley's hand. Williams then removed items from the paperwork and flushed them down the toilet. Williams then returned the paperwork to Sgt. Turley. Sgt. Turley had another legal mail for Williams. Sgt. Turley took that mail to the Duty Office and opened it. Sgt. Turley found a hidden compartment along the spine of the legal work. In the compartment Sgt. Turley found a white powdery substance and orange strips. Turley placed the contraband in the evidence locker for further investigation.
>
> On 7/3/19 Investigators Stephens and Soldaat test the contraband found by Sgt. Turley. The items were tested with NARK II Testing Kits. The white powdery substance tested positive for Fentanyl with a weight of 4 grams. The orange strips tested positive for Buprenorphine/Suboxone. There were 100 strips in total. Also found was 50 rolling papers.
>
> Savane Williams has prior Dealing charges.
>
> Williams is being charged with IC 35-48-4-2(a)(2)(C)(d)(2) Level 4 Felony Dealing in a Schedule I, II, III controlled substance. One for the Fentanyl and one for the Buprenoprphine.

Dkt. 7-2. Investigator Sanford reduced his investigative report to a conduct report on August 14, 2019. Dkt. 7-1. The following day, Mr. Williams received notice that he was charged with violating Code 100, Violation of Law. Dkt. 7-4.

The matter proceeded to a disciplinary hearing on August 19, 2019. Dkt. 7-6. According to the hearing officer's report, Mr. Williams stated in his defense that he "never received" the package containing the drugs. *Id.* The hearing officer nevertheless found Mr. Williams guilty and assessed sanctions, including a loss of earned credit time and a demotion in credit-earning class. *Id.* Mr. Williams' administrative appeals were denied. Dkts. 7-8, 7-9.

## III. Analysis

Mr. Williams challenges his disciplinary conviction on grounds that the hearing officer's decision was not supported by evidence. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Mr. Williams was charged with and convicted of violating Indiana Code § 35-48-4-2 by possessing the drugs with intent to deliver them to others in the prison. Mr. Williams contends that no evidence shows that he ever possessed the drugs. He is correct. The only evidence of Mr. Williams' conduct is the investigative report and the conduct report on which it was based. Dkts. 7-1, 7-2. These documents confirm that Mr. Williams accepted one package through the cuffport from Sergeant Turley. *Id.* After Mr. Williams took something from the first package and flushed it down the toilet, Sergeant Turley took the second package directly to the duty office. *Id.* Mr. Williams never possessed the second package—the package containing the drugs he was accused of possessing.

The respondent contends that Mr. Williams "had constructive possession of the drugs" under Indiana law. Dkt. 7 at 8. But Mr. Williams' interaction with the second package does not satisfy the definition of "constructive possession" that the respondent advances.

3

"'Constructive possession occurs when somebody has the intent and capability to maintain dominion and control over the item.'" *K.F. v. State*, 961 N.E. 2d 501, 509–10 (Ind. Ct. App. 2012) (quoting *Henderson v. State*, 715 N.E. 2d 833, 835 (Ind. 1999)); *see also* dkt. 7 at 8–9 (quoting *K.F.*, 961 N.E. 2d at 509–10)). "To prove capability, the State must show that the defendant is able to reduce the contraband to her personal possession." *K.F.*, 961 N.E. 2d at 510.

The respondent discusses several pieces of evidence suggesting that Mr. Williams *intended* to maintain control over the second package, but he identifies no evidence suggesting Mr. Williams was *capable* of doing so. No evidence indicates that Mr. Williams had any access to the second package before Sergeant Turley brought it to his cell. The undisputed evidence indicates that Mr. Williams was locked in his cell, that he could only access items that officers handed through the cuffport, and that Sergeant Turley never handed the second package through the cuffport. Also, there is no evidence that Mr. Williams tried or was even capable of reaching through the cuff port to grab the second package. Rather, Sergeant Turley maintained control over the second package.

Evidence shows only that drugs were mailed to Mr. Williams at the prison—not that he ever possessed those drugs. This evidence may be sufficient to demonstrate that he violated some provision of the disciplinary code. However, Mr. Williams was convicted of possessing drugs with intent to distribute them, and no evidence shows that he ever possessed the contraband.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because Mr. Williams was denied due process in NCF 19-08-0106, his petition for a writ of habeas corpus is **granted**. Mr. Williams' disciplinary conviction must be **vacated** and his sanctions **rescinded**. His earned credit time and credit-earning class must be **immediately restored**, and his new release date must be calculated accordingly.

4

**IT IS SO ORDERED.**

Date:   1/12/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SAVANE WILLIAMS
885175
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov